# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>          Respondent,<br><br>    v.<br><br>HOWARD ERNEST SANFORD,<br><br>          Appellant. | No. 57242-7-II<br><br>UNPUBLISHED OPINION |

CHE, J.—Howard E. Sanford appeals his sentence following a resentencing hearing. He argues that the trial court erroneously imposed community custody supervision fees in violation of RCW 9.94A.703. We agree. In a statement of additional grounds for review, Sanford raises several arguments pertaining to his trial. We do not reach these issues. Accordingly, we reverse the imposition of the community custody supervision fees and remand for the trial court to strike these fees from the judgment and sentence, but we otherwise affirm.

## FACTS

In 2019, Sanford was convicted of first degree child rape, first degree child molestation, second degree child rape, second degree child molestation, first degree incest, and fourth degree assault, each with a domestic violence enhancement. The trial court sentenced him to 318 months to life.

On appeal, we remanded to the trial court for vacation of the first and second degree child molestation convictions based on double jeopardy and for resentencing. The trial court resentenced Sanford to 216 months to life and adopted the previously ordered community

custody conditions, including the condition that Sanford "pay supervision fees as determined by the Department of Corrections." Clerk's Papers at 21.

Sanford appeals his resentencing. The trial court found Sanford indigent for the purposes of appeal.

ANALYSIS

I. COMMUNITY CUSTODY SUPERVISION FEES

Sanford argues that the trial court erred by imposing community custody supervision fees and that the recent amendment to RCW 9.94.703 applies to his case. The State concedes that we should remand for the trial court to strike the community custody supervision fees. We agree.

At the time of Sanford's crimes and his resentencing hearing, former RCW 9.94A.703(2)(d) (2015) authorized supervision fees as a waivable condition of community custody. The legislature recently amended the statute, removing a court's authority to impose community custody supervision fees. *See* RCW 9.94A.703; SECOND SUBSTITUTE H.B. 1818. Although the statutory amendment eliminating community custody supervision fees was not effective until July 1, 2022, we hold that the statutory amendment applies because Sanford's case was still pending review when the amendment was enacted. *See State v. Ramirez*, 191 Wn.2d 732, 748-49, 426 P.3d 714 (2018) (when a precipitating event occurs after the effective date of the statute, the statute applies).

Thus, in light of the statutory amendment to RCW 9.94A.703, we reverse and remand the to strike the community custody supervision fees.

No. 57242-7-II

## II. STATEMENT OF ADDITIONAL GROUNDS FOR REVIEW

RAP 10.10 permits a defendant, in a criminal case on direct appeal, to file a pro se statement of additional grounds for review (SAG). The purpose of a SAG is to "identify and discuss those matters related to the decision under review that the defendant believes have not been adequately addressed" by counsel. RAP 10.10(a). Here, the decision under review is the resentencing held in 2022.

Sanford's SAG raises multiple issues, none of which are related to the resentencing hearing. All of his SAG arguments relate to trial; none of these issues "relate[] to the decision under review." RAP 10.10(a). Accordingly, they are outside the scope of a proper SAG, and we decline to address them.

We remand for the trial court to strike the community custody supervision fees, but we otherwise affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Che, J.

We concur:

Glasgow, C.J.

Veljacic, J.

3